IN THE UNITED STAES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES L. COUSINS,

    Petitioner,

vs.                                                                   Case No. 4:14cv195-RH/CAS

FLORIDA DEPARTMENT OF CORRECTIONS,

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On April 15, 2014, Petitioner James L. Cousins, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On November 7, 2014, Petitioner filed an amended § 2254 petition for writ of habeas corpus. Doc. 13. Petitioner challenges convictions and sentences imposed by the Third Judicial Circuit Court, Taylor County, on January 9, 2012, following a guilty plea. *Id.* at 1. Respondent filed a motion to dismiss the § 2254 petition as untimely, with exhibits. Doc. 18. Petitioner has filed a reply. Doc. 23.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local rule 72.2(B). The pleadings and attachments before the Court show that the petition is

untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

On January 19, 2011, Petitioner was arrested and charged with 22 counts involving child pornography, or intent to promote sexual performance by a child. Doc. 18 Ex. PD at 10. On January 26, 2011, counts 13 through 22 were dropped. *Id.* at 9. On January 9, 2012, Petitioner pled guilty to the remaining 12 counts of possession of child pornography. Doc. 18 Ex. A at 1–5. In the negotiated plea agreement, Petitioner agreed to 5 years incarceration followed by 5 years of sex offender probation, as well as the payment of fines and fees. *Id.* at 3. Petitioner did not appeal, nor did he file any post-conviction motions in state court. Doc. 8 Ex. PD at 2; Doc. 13 at 1–4.

As indicated above, Petitioner filed his § 2254 petition in this Court on April 15, 2014, and ultimately filed an amended § 2254 petition. Docs. 1, 13. Respondent filed an answer, with exhibits. Doc. 18. Petitioner filed a reply. Doc. 23.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitation period for filing a § 2254 petition. 28 U.S.C. § 2254(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2254(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme

Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2254(d)(1)(B)–(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2254(d)(2).[1]

On January 9, 2012, Petitioner pled guilty to counts one through twelve and was sentenced to 5 years in prison and 5 years probation. Doc. 13 at 1. Petitioner's conviction and sentence became final on February 8, 2012, 30 days later, when his time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ramos v. State, 658 So. 2d 169 (Fla. 3d DCA 1995); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires). Accordingly, Petitioner had until February 8, 2013, to timely file a § 2254 federal habeas petition, or to file a state post-conviction petition which would toll the AEDPA limitation period. *See* 28 U.S.C. § 2244 (d)(1)–(2); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitation period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 (11th Cir. 2007) (applying anniversary date analysis).

Petitioner did not file any state post-conviction motion, and therefore, the time towards the one-year AEDPA limitation period could not be tolled. 28 U.S.C. § 2244(d)(2); Doc. 13 at 1–4. On April 15, 2014, Petitioner filed his § 2254 federal habeas corpus petition in this Court, well after the one-year AEDPA limitation period expired. *Id.* at 14; s*ee also* Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir.

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes both extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

2012) ("In order for § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run"); Tinker v. Moore, 255 F.3d 1331, 1335 (11th Cir. 2001) ("We remind petitioners a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) ("Under § 2244(d)(2), even 'properly filed' state court petitions must be 'pending' in order to toll the limitation period.  A state court petition . . . that is filed following the expiration of the limitation period cannot toll that period because there is no period remaining to be tolled").

To overcome the procedural bar of timeliness, Petitioner must claim actual innocence, a change in constitutional law applying retroactively, or assert he is entitled to equitable tolling of the limitation period.  McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (stating a plea of actual innocence can overcome the AEDPA one-year statute of limitations for filing habeas petitions); Teague v. Lane, 489 U.S. 288 (1989) (explaining new rules of constitutional law can be applied retroactively); Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004) (stating time may be equitably tolled "only if a petitioner establishes both extraordinary circumstances and due diligence").  Petitioner did not assert any of these claims in his § 2254 federal habeas petition.  Doc. 13; Doc. 18 at 3.  Therefore, the § 2254 petition is untimely.

## Conclusion

Respondent's motion to dismiss (Doc. 18) should be granted because the § 2254 petition is untimely.  The § 2254 petition (Doc. 1), as amended (Doc. 13), should be dismissed.

Case No. 4:14cv195-RH/CAS

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). [2]  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

Case No. 4:14cv195-RH/CAS

## **Recommendation**

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 18) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1), as amended (Doc. 13), be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, April 15, 2015.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**